UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| OPENPAGES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 04-CV-11500-JLT |
| v. ) | |
| ) | |
| SAUMYA RANA, ) | |
| ) | |
| Defendant. ) | |

**SAUMYA RANA'S ANSWER TO**
**OPENPAGES, INC.'S VERIFIED COMPLAINT**

Saumya Rana ("Rana") hereby answers the numbered paragraphs of OpenPages, Inc.'s ("OpenPages") Verified Complaint. The unnumbered introductory paragraph requires no answer as it merely purports to describe the plaintiff's alleged causes of action.

1. Rana is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies them.

2. Admitted.

3. The allegations contained in this paragraph consist of conclusions of law as to which no response is required.

4. The allegations contained in this paragraph consist of conclusions of law as to which no response is required.

5. Rana is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies them.

6. Rana is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies them.

7. Rana is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies them.

8. Rana is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies them.

9. Rana is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies them.

10. Rana admits signing a document titled "Non-Disclosure Agreement (Pre-Transaction)" on or about October 30, 2003 but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in the first sentence of this paragraph, and therefore denies them. Rana is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of this paragraph, and therefore denies them. Rana admits signing a document titled "OpenPages, Inc. Employee Confidential Information, Inventions and Writings Agreement" on or about November 5, 2003 and a document titled "Employee Agreement Regarding Inventions, Confidentiality and Non-Competition" on or about December 16, 2003. Rana denies the remaining allegations contained in this paragraph as characterizations of a written document that speaks for itself.

11. Rana is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies them.

12. Rana is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies them.

13. Rana admits that she began employment at OpenPages as a Senior Application Consultant in November, 2003 but is without knowledge or information sufficient to

form a belief as to the truth of the remaining allegations contained in this paragraph, and therefore denies them.

14. Rana is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of this paragraph, and therefore denies them. Rana denies the allegations contained in the second through fourth sentences of this paragraph. Rana admits the allegations contained in the fifth sentence of this paragraph.

15. Rana denies the allegations contained in the first sentence of this paragraph. Rana admits the allegations contained in the second sentence of this paragraph. Rana admits that, during her employment with OpenPages, she worked in San Clemente, California and in San Francisco, California but denies the remaining allegations contained in the third sentence of this paragraph. Rana is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the fourth and fifth sentences of this paragraph, and therefore denies them. Rana admits the allegations contained in the sixth sentence of this paragraph.

16. Rana admits the allegations contained in the first sentence of this paragraph. Rana admits that she informed Joseph Pappalardo that she had decided to resign from OpenPages but denies the remaining allegations contained in the second sentence of this paragraph. Rana denies the allegations contained in the third sentence of this paragraph as characterizations of a written document that speaks for itself. Rana admits that she communicated her desire to resign from OpenPages to George Hotter but denies the remaining allegations contained in the fourth sentence of this paragraph. Rana admits that she was asked to return all property belonging to OpenPages and that she was

3

provided with a Federal Express Account number. Rana denies the remaining allegations contained in the fifth sentence of this paragraph.

17. Rana is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies them.

18. Rana admits that she was issued a company laptop computer but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in the first sentence of this paragraph, and therefore denies them. Rana admits the allegations contained in the second sentence of this paragraph. Rana denies the remaining allegations contained in this paragraph.

19. Rana denies the allegations contained in the first and second sentences of this paragraph. Rana denies the allegations contained in the third sentence of this paragraph as characterizations of a written document that speaks for itself. Rana denies the allegations contained in the fourth sentence of this paragraph.

20. Denied.

21. Rana is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies them.

22. Rana admits that she is currently employed by Movaris, Inc. ("Movaris") but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph, and therefore denies them.

23. Rana is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies them.

24. Rana denies the allegations contained in the first sentence of this paragraph. Rana is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph, and therefore denies them.

25. Rana is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies them.

26. Denied.

Count I
Breach of Contract

27. Rana repeats her answers to Paragraphs 1 through 26 and incorporates them herein.

28. Rana admits signing a document titled "Employee Agreement Regarding Inventions, Confidentiality and Non-Competition," but denies the remaining allegations contained in this paragraph as characterizations of a written document that speaks for itself.

29. Denied.

30. Denied.

31. Denied.

Count II
Breach of Covenant of Good Faith and Fair Dealing

32. Rana repeats her answers to Paragraphs 1 through 31 and incorporates them herein.

33. The allegations contained in this paragraph consist of conclusions of law as to which no response is required.

34. The allegations contained in this paragraph consist of conclusions of law as to which no response is required.

35. Denied.

36. Denied.

Count III
Misappropriation of Trade Secrets and Confidential Information

37. Rana repeats her answers to Paragraphs 1 through 36 and incorporates them herein.

38. Denied.

39. The allegations contained in this paragraph consist of conclusions of law as to which no response is required.

40. Rana is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies them.

41. Rana is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies them.

42. Denied.

43. Denied.

**FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver, and/or ratification.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrine of equitable estoppel, and/or quasi estoppel.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's equitable claims are barred because plaintiff has an adequate remedy at law.

6

00024979.DOC

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's clams are barred because Rana satisfied any and all obligations that she had to the Plaintiff.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because it failed to mitigate its alleged damages.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because any performance required by Rana was excused due to Plaintiff's own prior material breach or non-performance.

**WHEREFORE**, Rana requests that the Court:

(1)   enter judgment dismissing the Plaintiff's claims with prejudice;

(2)   award Rana her attorneys' fees and costs; and

(3)   grant Rana such other and further relief as the Court sees fit.

SAUMYA RANA

By her attorneys,

/s/ Kenneth D. Small
Kenneth D. Small BBO#: 567868
Sherin and Lodgen LLP
101 Federal Street
Boston, MA 02110
(617) 646-2000

Of Counsel:
Michael B. Carlinsky
Partha P. Chattoraj
Quinn Emanuel Urquhart Oliver & Hedges LLP
335 Madison Avenue
17th Floor
New York, NY  10017
(212) 702-8158

Dated: October 12, 2004